IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SHARON DENISE CLARK, <br><br> Plaintiff, <br><br> v. <br><br> AT&T CORPORATION, et al., <br><br> Defendants. | Civil Action No. 8:13-cv-02278-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendants AT&T Mobility Services, LLC ("AT&T")[1] and Karen Holton's Motion to Dismiss. Doc. No. 6. The Court has reviewed the record and deems a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2011). For the following reasons, Defendants' Motion to Dismiss will be GRANTED-IN-PART. The Motion will be GRANTED with respect to Defendant Holton for lack of personal jurisdiction. With respect to AT&T, the Court will treat Defendants' Motion as one to quash service, GRANT the motion, and give Plaintiff another opportunity to effectuate service of process on AT&T.

**I. BACKGROUND**

On August 6, 2013, Plaintiff filed a Title VII discrimination claim against AT&T and its employee Karen Holton alleging that they discriminated against her on the basis of religion. Doc. No. 1. Specifically, Plaintiff claims that during a May 16, 2012 telephone interview, she informed an AT&T employee that she would be unable to work on Saturdays for religious reasons, and was advised to "call back when that changes." *Id.* at 3. On May 17, 2012, Plaintiff

---

[1] In her Complaint, Plaintiff named "AT&T Corporation" as Defendant, but it appears that AT&T Mobility Services, LLC is the actual party in interest.

1

filed charges against AT&T with the Equal Employment Opportunity Commission ("EEOC"), from whom she received a right to sue letter on June 20, 2013. *Id.*

On the same day Plaintiff filed her Complaint, she also filed a motion to proceed *in forma pauperis*, which was granted by an Order of this Court on August 13, 2013. Doc. No. 3. In that Order, Plaintiff was provided with information regarding the Maryland State Department of Assessments and Taxation's website through which she was advised to obtain the name and service address of AT&T's registered agent in Maryland. *Id.* The Clerk of the Court further instructed her to submit a U.S. Marshal service of process form so that the U.S. Marshal could "effectuate service of process on Defendants at the address provided by Plaintiff." *Id.* Plaintiff instructed the U.S. Marshal to serve the Summons and Complaint against both Defendants to Holton, an Alabama resident, at AT&T's Birmingham, Alabama office. Doc. No. 4. In their pending motion, Defendants argue that Plaintiff's Complaint should be dismissed because (1) Plaintiff has failed to properly effectuate service of process on AT&T, (2) the Court lacks personal jurisdiction over Holton, and (3) Plaintiff has failed to state a claim against Holton.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to Effectuate Service of Process under Rule 12(b)(5)

A defendant may challenge the sufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Once challenged, the burden of establishing validity of service under Rule 4 shifts to the plaintiff. *Id.* In cases where service of process has given a defendant actual notice of the claim against it, courts may adopt a liberal interpretation of Rule 4, uphold the service, and maintain the court's jurisdiction over the claim. *Id.* However, the "plain requirements for the means of effecting service of process may not be ignored." *Id.* Thus, if plaintiff has failed to effectuate

service under the meaning of Rule 4, the court may either dismiss the complaint or quash service and allow the plaintiff to attempt service again. *Lipscomb v. Techs., Servs. & Info., Inc.*, No. DKC 09-3344, 2011 U.S. Dist. Lexis 16692, at *6 (D. Md. Feb. 18, 2011) (citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)).

**B.     Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2)**

When non-resident defendants challenge the court's power to exercise personal jurisdiction over them pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). If the existence of jurisdiction turns on disputed factual questions, the court may resolve the motion on the basis of an evidentiary hearing. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, if the court rules on the motion without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396; *see also CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 667 (D. Md. 2009) (citations omitted). "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst*, 334 F.3d at 396 (citation omitted).

**III.    LEGAL ANALYSIS**

**A.     Service of Process on AT&T**

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, "a corporation … must be served … (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general

agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Maryland law,

> Service is made upon a corporation … by serving its resident agent, president, secretary, or treasurer. If the corporation … has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rule 3-124(d). Similarly, under Alabama Rules of Civil Procedure, service upon a corporation is effectuated by "serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

On August 13, 2013, this Court issued an Order granting Plaintiff's Motion to proceed in *forma pauperis* and instructed the Clerk to supply Plaintiff with the U.S. Marshal service of process form so that she could effectuate service. Doc. No. 3 at 1. The Order also included instructions for contacting the Maryland Department of Assessments and Taxation so that Plaintiff could "obtain the name and service address for the resident agent of Defendant." *Id.* Plaintiff attempted to serve AT&T by directing the U.S. Marshal to deliver the Summons and Complaint to Defendant Holton, who is an employee of AT&T. *See* Doc. No. 4. Holton is not an officer, managing or general agent, or a person authorized by appointment or law to receive service of process on behalf of AT&T as required under Federal Rule 4(h), Maryland law, or Alabama law. *See* Holton Aff., Doc. No. 6-5, at 2. Thus, Plaintiff failed to effectuate service of process on AT&T. Insufficient service of process does not necessarily require dismissal of a complaint, however. Where "the first service of process is ineffective, a motion to dismiss

4

should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 U.S. Dist. LEXIS 27607, at *6-7 (D. Md. Feb. 17, 2011) (quoting *Vorhees*, 697 F.2d at 576). In the interest of justice and in light of Plaintiff's status as a *pro se* litigant, the Court will treat Defendants' Rule 12(b)(5) Motion as a motion to quash service, will grant the motion, and will permit Plaintiff another opportunity to effectuate service of process on AT&T in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**B.     Personal Jurisdiction over Karen Holton**

A federal court may exercise jurisdiction over a non-resident defendant if: (1) the exercise of jurisdiction is authorized by the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements. *Christian Sci. Bd. of Dirs. Of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Maryland courts have consistently held that Maryland's long-arm statute, Md. Code Ann. Cts. & Jud. Proc. § 6-103, is "coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Carefirst*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (Md. 1977)). "Although the statutory and constitutional inquiries merge, the Court must address both elements in the personal jurisdiction analysis." *Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 698 (D. Md. 2012) (citing *Dring v. Sullivan*, 423 F. Supp. 2d 540, 545 (D. Md. 2006)).

For the Court to exercise personal jurisdiction over Holton, Plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Metro. Reg'l*, 888 F. Supp. 2d at

698 (quoting *Ottenheimer Publishers, Inc. v. Paymore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001)). Maryland's long-arm statute provides:

> A court may exercise personal jurisdiction over a person, who directly or by an agent: (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply goods, food, services, or manufactured products in the State; (3) Causes tortious injury in the State by an act or omission in the State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; (5) Has an interest in, uses, or possesses real property in the State; or (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(a).

Plaintiff must also show that the Court's exercise of personal jurisdiction comports with due process requirements—specifically, that Holton has sufficient "minimum contacts" with the state of Maryland. *Metro. Reg'l*, 888 F. Supp. 2d at 698 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Courts have recognized two types of personal jurisdiction: general and specific. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Courts find general jurisdiction only in cases where a defendant has contacts with the forum state which are "continuous and systematic." *Id.* The exercise of specific jurisdiction is appropriate when "(1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with traditional notions of fair play and substantial justice." *Metro. Reg'l*, 888 F. Supp. 2d at 699 (quoting *Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004)).

Plaintiff argues that "Karen Holton accepted the task of speaking for AT&T Company when she was the contact person with EEOC for over 1 year. EEOC (Lolita D[.] Davis) spoke to her in July never once saying she didn't handle this area or I am not the correct person. She was served the summons because she was name[d] on the EEOC form." Doc. No. 8 at 1. Essentially, Plaintiff argues that because Holton spoke on behalf of AT&T, she is properly named in this Complaint and subject to the jurisdiction of the Court. However, courts have found that "employment alone is insufficient to give rise to personal jurisdiction, and a corporation's contacts with a forum state cannot be attributed to its employees." *See Maxtena, Inc. v. Marks*, No. DKC 11-0945, 2012 U.S. Dist. LEXIS 3931, at *21 (D. Md. Jan. 12, 2012) (quoting *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 604 (D. Md. 2008)).

Based on the record before it, the Court concludes that it cannot exercise personal jurisdiction over Holton pursuant to the Maryland long-arm statute or due process requirements. In a sworn declaration, Holton states that she has not visited Maryland in eight years, owns no property in Maryland, and conducts business exclusively in the state of Alabama. Doc. No. 6-5 at 1-2. As an employee of AT&T, Holton is responsible for investigating and responding to claims of discrimination. *Id.* at 2. Thus, her only connection to Plaintiff's Complaint is that she is employed by AT&T. Plaintiff has not presented any evidence suggesting that Holton has the minimum contacts necessary for this Court to exercise personal jurisdiction.[2] Accordingly, Defendants' Motion to Dismiss with respect to Holton will be granted, and the claims against her will be dismissed without prejudice.[3]

---

[2] Holton also lacks the substantial contacts with Maryland such that the Court could exercise general jurisdiction over her. The Fourth Circuit has explained that the threshold for minimum contacts to establish general jurisdiction is "significantly higher" than it is for specific jurisdiction. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

[3] Because the Court finds that it does not have personal jurisdiction over Holton, it need not consider the merits of Plaintiff's Title VII claims against her.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims against Karen Holton for lack of personal jurisdiction. With respect to AT&T, the Court treats Defendants' Motion to Dismiss for failure to effectuate service of process as a motion to quash service, and GRANTS the motion. A separate Order follows.

November 12, 2013                                                     /s/
    Date                                       Alexander Williams, Jr.
                                                  UNITED STATES DISTRICT JUDGE