IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARON DENISE CLARK            :
                               :
                               :
    v.                         :    Civil Action No. DKC 13-2278
                               :
AT&T CORPORATION               :
                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment case is a motion to dismiss for improper service filed by Defendant AT&T Corporation ("AT&T" or "Defendant"). (ECF No. 15).[1] Plaintiff Sharon Denise Clark, proceeding *pro se*, filed a complaint alleging employment discrimination against Defendants AT&T and Karen Holton on August 6, 2013. Plaintiff then moved for leave to proceed *in forma pauperis*. On August 13, 2013, Judge Alexander Williams issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis.* (ECF No. 3). Judge Williams noted that "[i]n light of Plaintiff's indigency status, the United States Marshal shall effect service of process on Defendants." Plaintiff, however, had not "furnished a U.S. Marshal service of process form for the named

---

[1] This case was transferred to the undersigned from Judge Alexander Williams, Jr. on November 27, 2013. As Judge Williams indicated in the November 12, 2013 memorandum opinion, Plaintiff named "AT&T Corporation" as a Defendant, but it appears that AT&T Mobility Services, LLC is the actual party in interest. (ECF No. 12, at 1 n.1).

Defendants in this case and ha[d] not provided service copies of the Complaint." (*Id.* at 1). Accordingly, the clerk was directed to send a copy of the order, together with two copies of the U.S. Marshal service of process form to Plaintiff. Plaintiff was given twenty-one (21) days from the date of order to complete the Marshal forms and return them to the Clerk and provide service copies of the complaint. Judge Williams cautioned that "the failure to return the completed Marshal forms in a timely manner may result in the dismissal of this case without prejudice and without further notice." (*Id.* at 2). The order provided Plaintiff with the website and telephone number for the Maryland State Department of Assessments and Taxations ("SDAT") to obtain the name and service address for AT&T's resident agent. (*See id.* at 1 n.1.).

Plaintiff subsequently instructed the U.S. Marshal to serve the summons and complaint on Karen Holton, an Alabama resident, at AT&T's Birmingham, Alabama office. (ECF No. 4). Defendants moved to dismiss, arguing, *inter alia*, that Plaintiff failed properly to effectuate service of process on AT&T. The court treated Defendant's motion concerning AT&T as one to quash service, and granted the motion. Judge Williams stated that "Holton is not an officer, managing or general agent, or a

person authorized by appointment or law to receive service of process on behalf of AT&T as required under Federal rule 4(h), Maryland law, or Alabama law." (ECF No. 12, at 4). Thus, Plaintiff failed to effectuate service of process on AT&T. Judge Williams nevertheless allowed Plaintiff "another opportunity to effectuate service of process on AT&T." (ECF No. 13). He directed Plaintiff to complete the U.S. Marshal form ("USM-285") and return it to the Clerk within twenty-one (21) days from the date of the order. Judge Williams again cautioned Plaintiff "that failure to provide the proper address for service of process on AT&T may result in the dismissal of this case." (*Id.* at 2).[2]

On November 18, 2013, Plaintiff completed USM-285 and directed the U.S. Marshal to serve Anthony Randolph with AT&T in Dallas, Texas. (*See* ECF No. 14-1).[3] Karen Holton was also served again. (*See* ECF No. 15-2 ¶ 5, Declaration of Karen Holton ("Despite my inability to accept service of process on

---

[2] Judge Williams dismissed Plaintiff's claims against Karen Holton for lack of personal jurisdiction. (*See* ECF Nos. 12 & 13).

[3] According to Plaintiff's complaint, Anthony Randolph is an AT&T employee who interviewed Plaintiff for a position with AT&T. Randolph's alleged statements to Plaintiff during the interview form the gravamen of Plaintiff's employment discrimination claim.

behalf of AT&T, on December 3, 2013, I was again personally served")). Defendant moved to dismiss on December 24, 2013 for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5), arguing that Plaintiff still has not properly effected service on AT&T. (ECF No. 15). As Defendant points out, SDAT lists the Corporation Trust Incorporated ("CTI") as AT&T's resident agent, in Baltimore, Maryland, authorized to accept service on Defendant's behalf. (*See* ECF No. 15-3 ¶ 3, Declaration of Paula Phillips ("AT&T is incorporated in Delaware and does business in Maryland, where it has enlisted The Corporation Trust Incorporated[] to serve as its resident agent.")). Plaintiff has not served CTI.

When a defendant moves to dismiss for improper service pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md.2006); *see also* Fed.R.Civ.P. 4(l)(1). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir.1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th

Cir.1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

Despite clear instruction from Judge Williams regarding properly serving Defendant, Plaintiff still has not done so. *See, e.g., Murphy v. Adams*, Civil Action No. DKC 12-1975, 2013 WL 791191, at *4 (D.Md. Mar. 1, 2013) ("[y]et even after the court granted a provisional extension, the evidence before the court shows that [p]laintiff did not comply with these requirements."). As Defendant points out, Plaintiff has served Karen Holton and Anthony Randolph - two individuals who are not authorized to accept service of process on behalf of AT&T. Plaintiff was afforded two opportunities properly to execute service, and was duly warned that failure to provide the correct address could result in a dismissal of her case. Based on the foregoing, Defendant's motion to dismiss for insufficient service of process will be granted. *See, e.g., Murphy*, 2013 WL 791191, at *4 (noting that allowing the case to proceed where defendant was not properly served would eviscerate the requirements of the rules). A separate order will follow.

```
        /s/
```
DEBORAH K. CHASANOW
United States District Judge